IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| **OPHELIA WEBB and YOLANDA BLOUNT,** Each Individually and on Behalf of All Others Similarly Situated | | **PLAINTIFFS** |
| vs. | No. 3:23-cv-____ | |
| **BAPTIST HEALTH SYSTEM, INC., BAPTIST MEDICAL CENTER OF THE BEACHES, INC., BAPTIST MEDICAL CENTER OF NASSAU, INC., BAPTIST MEDICAL CENTER OF CLAY, INC., SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC. and BAPTIST HEALTH SYSTEM FOUNDATION, INC.** | | **DEFENDANTS** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Ophelia Webb and Yolanda Blount (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action against Baptist Health System, Inc., Baptist Medical Center of The Beaches, Inc., Baptist Medical Center of Nassau, Inc., Baptist Medical Center of Clay, Inc., Southern Baptist Hospital of Florida, Inc., and Baptist Health System Foundation, Inc., (collectively "Defendant" and "Defendants"), states and alleges as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Ophelia Webb and Plaintiff Yolanda Blount, each individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiff sufficient wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Middle District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Florida.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Florida has personal jurisdiction over Defendants, and Defendants therefore "resides" in Florida.

7. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiffs within the Jacksonville Division of the Middle District of Florida; therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

8. Plaintiff Ophelia Webb ("Webb") is an individual and resident of Duval County.

9. Plaintiff Yolanda Blount ("Blount") is an individual and resident of Duval County.

10. Separate Defendant Baptist Health System, Inc. ("BHS") is a domestic not for-profit corporation.

11. Separate Defendant Baptist Medical Center of The Beaches, Inc. ("BMCB") is a domestic not for-profit corporation.

12. Separate Defendant Baptist Medical Center of Nassau, LLC ("BMCN"), is a domestic not for-profit corporation.

13. Separate Defendant Baptist Medical Center of Clay, Inc. ("BMCC"), is a domestic not for-profit corporation.

14. Separate Defendant Baptist Medical Center of Clay, Inc. ("BMCC"), is a domestic not for-profit corporation.

15. Separate Defendant Southern Baptist Hospital of Florida, Inc. ("SBHF"), is a domestic not for-profit corporation.

16. Defendants' registered agent for service of process is Scott G. Baity at 841 Prudential Drive, Suite 1802, Jacksonville, Florida 32207.

## IV.  FACTUAL ALLEGATIONS

17. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as medical supplies.

18. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. During each of the three years preceding the filing of this Complaint, Defendants continuously employed at least two individuals.

20. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

21. At all times material herein, Plaintiffs have been classified by Defendants as exempt from the overtime requirements of the FLSA.

22. Defendants employed Plaintiffs within the three years preceding the filing of this lawsuit.

23. Specifically, Defendants employed Webb as an hourly-paid Mental Health Evaluator from approximately June of 2021 until August of 2022.

24. Specifically, Defendants employed Blount as an hourly-paid Mental Health Evaluator from approximately January of 2022 until the present.

25. Defendants also employed other hourly-paid employees within the three years preceding the filing of this lawsuit.

26. At all relevant times herein, Defendants directly hired Plaintiffs and other hourly-paid employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

27. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

28. Plaintiffs kept their time using Kronos, the timekeeping system implemented by Defendants.

29. In or around December of 2021, Kronos was hacked and became inoperable.

30. Kronos functions were restored in or around March of 2022.

31. From around December of 2021 until about March of 2022 (hereinafter, "Kronos blackout"), Plaintiffs and other hourly employees could not record their time using Kronos.

32. In lieu of timekeeping, during the Kronos blackout, Defendants paid Plaintiffs and other hourly employees an average of hours worked in previous weeks.

33. During the Kronos blackout, Plaintiffs received the same amount of pay from week to week regardless of how many hours they worked.

34. Regardless of the exact method of calculating payment, Defendants did not base the pay of Plaintiffs and other hourly employees on the number of hours actually worked in that week during the Kronos blackout.

35. Plaintiffs regularly worked over forty hours in a week during the Kronos blackout.

36. Other hourly employees also regularly or occasionally worked over forty hours in a week during the Kronos blackout.

37. When Plaintiffs worked hours over 40 during the Kronos blackout, they did not receive 1.5 times their regular hourly rate for those hours.

38. Other hourly employees also did not receive 1.5 times their regular hourly rate for hours worked over 40 during the Kronos blackout.

39. Defendants knew or should have known that Plaintiffs and other hourly employees worked hours which went uncompensated.

40. The work that Plaintiffs and other hourly employees performed was all or almost all completed on Defendants' premises.

41. Defendants set the work schedule for Plaintiffs and other hourly employees.

42. Defendants knew or should have known that Plaintiffs and other hourly employees worked over 40 hours in at least some weeks.

43. Upon information and belief, after Kronos was restored, some hourly employees received some backpay which was intended to compensate them for the underpayments during the Kronos blackout. However, these amounts were not sufficient to fully compensate them for the underpayments.

44. At all relevant times herein, Defendants have deprived Plaintiffs and other hourly employees of sufficient overtime compensation for all hours worked over 40 each week.

45. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

47. Plaintiffs propose the following collective under the FLSA:

> **All hourly employees employed by Defendants between December of 2021 and March of 2022.**

48. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The members of the proposed FLSA collective are similarly situated in that they share these traits:

51. They were paid hourly;

52. They were unable to record their working hours via Kronos between December of 2021 and March of 2022;

53. They worked hours over forty in at least one week during the Kronos blackout; and

54. Their pay during the Kronos blackout was not based on hours worked during that period.

55. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 1,000 persons.

56. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

57. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

58. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.  FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA—Unpaid Wages)**

59. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

61. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. § 207 require any enterprise engaged in commerce to pay all employees 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. During the period relevant to this lawsuit, Defendants classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

64. Despite the entitlement of Plaintiffs to lawful overtime wages under the FLSA, Defendants failed to pay Plaintiffs lawful overtime wages for all hours worked over forty each week.

65. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

66. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA—Unpaid Wages)

67. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

68. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. § 207 require any enterprise engaged in commerce to pay all employees 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

70. During the period relevant to this lawsuit, Defendants classified Plaintiffs and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

71. Despite the entitlement of Plaintiffs and all others similarly situated to lawful overtime wages under the FLSA, Defendants failed to pay Plaintiffs and all others similarly situated lawful overtime wages for all hours worked over forty each week.

72. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ophelia Webb and Plaintiff Yolanda Blount, each individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.   That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   A declaratory judgment that Defendants' practices alleged herein violate the FLSA and its related regulations;

D.   Judgment for damages owed to Plaintiffs and others similarly situated under the FLSA and its related regulations;

E. Judgment for liquidated damages owed to Plaintiffs and others similarly situated pursuant to the FLSA and its related regulations;

F. Judgment for compensatory damages owed to Plaintiffs under 29 U.S.C. § 216(b);

G. Reinstatement of Plaintiffs to their former employment under 29 U.S.C. § 216(b);

H. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted this __1st__ day of August, 2023,

**OPHELIA WEBB and YOLANDA BLOUNT,**
**Each Individually and on Behalf of All Others Similarly Situated,**
**PLAINTIFFS**

THE LEACH FIRM, PA
1560 N. Orange Ave., Suite 600
Winter Park, Florida 32789
Telephone: (844) 722-7567

*/s/ Carlos Leach*
Carlos Leach – LEAD COUNSEL
Fla. Bar No. 0540021
cleach@theleachfirm.com

*/s/ Edward Wimp*
Edward Wimp, Esquire

Fla. Bar No. 1015586
Email: ewimp@theleachfirm.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com
PHV forthcoming