IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**OPHELIA WEBB and YOLANDA BLOUNT**     PLAINTIFFS

vs.     No. 3:23-cv-898-MMH-LLL

**BAPTIST HEALTH SYSTEM, INC., BAPTIST**     DEFENDANTS
**MEDICAL CENTER OF THE BEACHES, INC.,**
**BAPTIST MEDICAL CENTER OF NASSAU, INC.,**
**BAPTIST MEDICAL CENTER OF CLAY, INC.,**
**SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC.**
**and BAPTIST HEALTH SYSTEM FOUNDATION, INC.**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT

Plaintiffs Ophelia Webb and Yolanda Blount (collectively "Plaintiffs"), by and through undersigned counsel, for their First Amended and Substituted Complaint ("Complaint") against Baptist Health System, Inc., Baptist Medical Center of The Beaches, Inc., Baptist Medical Center of Nassau, Inc., Baptist Medical Center of Clay, Inc., Southern Baptist Hospital of Florida, Inc., and Baptist Health System Foundation, Inc., (collectively "Defendants"), states and alleges as follows:

## I.     PRELIMINARY STATEMENTS

1. Plaintiffs Ophelia Webb and Plaintiff Yolanda Blount bring this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiffs sufficient wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

4. The purpose of this First Amended and Substituted Complaint is to remove the collective action allegations.

## II.     JURISDICTION AND VENUE

5. The United States District Court for the Middle District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendants conduct business within the State of Florida.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Florida has personal jurisdiction over Defendants, and Defendants therefore "resides" in Florida.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiffs within the Jacksonville Division of the Middle District of Florida; therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

9. Plaintiff Ophelia Webb ("Webb") is an individual and resident of Duval County.

10. Plaintiff Yolanda Blount ("Blount") is an individual and resident of Duval County.

11. Separate Defendant Baptist Health System, Inc. ("BHS") is a domestic not for-profit corporation.

12. Separate Defendant Baptist Medical Center of The Beaches, Inc. ("BMCB") is a domestic not for-profit corporation.

13. Separate Defendant Baptist Medical Center of Nassau, LLC ("BMCN"), is a domestic not for-profit corporation.

14. Separate Defendant Baptist Medical Center of Clay, Inc. ("BMCC"), is a domestic not for-profit corporation.

15. Separate Defendant Baptist Medical Center of Clay, Inc. ("BMCC"), is a domestic not for-profit corporation.

16. Separate Defendant Southern Baptist Hospital of Florida, Inc. ("SBHF"), is a domestic not for-profit corporation.

17. Defendants' registered agent for service of process is Scott G. Baity at 841 Prudential Drive, Suite 1802, Jacksonville, Florida 32207.

## IV.   FACTUAL ALLEGATIONS

18. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as medical supplies.

19. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendants continuously employed at least two individuals.

21. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

22. At all times material herein, Plaintiffs have been classified by Defendants as nonexempt from the overtime requirements of the FLSA.

23. Defendants employed Plaintiffs within the three years preceding the filing of this lawsuit.

24. Specifically, Defendants employed Webb as an hourly-paid Mental Health Evaluator from approximately June of 2021 until August of 2022.

25. Specifically, Defendants employed Blount as an hourly-paid Mental Health Evaluator from approximately January of 2022 until the present.

26. At all relevant times herein, Defendants directly hired Plaintiffs to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

27. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

28. Plaintiffs kept their time using Kronos, the timekeeping system implemented by Defendants.

29. In or around December of 2021, Kronos was hacked and became inoperable.

30. Kronos functions were restored in or around March of 2022.

31. From around December of 2021 until about March of 2022 (hereinafter, "Kronos blackout"), Plaintiffs could not record their time using Kronos.

32. In lieu of timekeeping, during the Kronos blackout, Defendants paid Plaintiffs an average of hours worked in previous weeks.

33. During the Kronos blackout, Plaintiffs received the same amount of pay from week to week regardless of how many hours they worked.

34. Regardless of the exact method of calculating payment, Defendants did not base the pay of Plaintiffs on the number of hours actually worked in that week during the Kronos blackout.

35. Plaintiffs regularly worked over forty hours in a week during the Kronos blackout.

36. When Plaintiffs worked hours over 40 during the Kronos blackout, they did not receive 1.5 times their regular hourly rate for those hours.

37. Defendants knew or should have known that Plaintiffs worked hours which went uncompensated.

38. The work that Plaintiffs performed was all or almost all completed on Defendants' premises.

39. Defendants set the work schedule for Plaintiffs.

40. Defendants knew or should have known that Plaintiffs worked over 40 hours in at least some weeks.

41. At all relevant times herein, Defendants have deprived Plaintiffs of sufficient overtime compensation for all hours worked over 40 each week.

42. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA—Unpaid Wages)

43. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

44. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. 29 U.S.C. § 207 require any enterprise engaged in commerce to pay all employees 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47. During the period relevant to this lawsuit, Defendants classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

48. Despite the entitlement of Plaintiffs to lawful overtime wages under the FLSA, Defendants failed to pay Plaintiffs lawful overtime wages for all hours worked over forty each week.

49. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ophelia Webb and Plaintiff Yolanda Blount respectfully prays that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and its related regulations;

    C.    Judgment for damages owed to Plaintiffs under the FLSA and its related regulations;

    D.    Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA and its related regulations;

    E.    Judgment for compensatory damages owed to Plaintiffs under 29 U.S.C. § 216(b);

    F.    Reinstatement of Plaintiffs to their former employment under 29 U.S.C. § 216(b);

    G.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

    H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**OPHELIA WEBB and YOLANDA BLOUNT, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short – LEAD COUNSEL
Ark. Bar No. 2015079
sean@sanfordlawfirm.com
Admitted *Pro Hac Vice*

THE LEACH FIRM, PA
Wells Fargo Building
631 South Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (844) 722-7567

Carlos Leach – LOCAL COUNSEL
Fla. Bar No. 0540021
cleach@theleachfirm.com