IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**OPHELIA WEBB and YOLANDA BLOUNT**           **PLAINTIFFS**

vs.                    No. 3:23-cv-898-MMH-LLL

**SOUTHERN BAPTIST HOSPITAL**           **DEFENDANT**
**OF FLORIDA, INC.**

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference via email beginning on 10/24/2023 and continuing through 11/2/23. Sean Short for Plaintiff and Jessica Travers for Defendant attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 11/17/2023 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/3/2024 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 1/12/2024 |
| Defendant's deadline for disclosing any expert report. | 2/12/2024 |
| Deadline for disclosing any rebuttal expert report. | 3/13/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 5/31/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/30/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 2/29/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/3/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/10/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/17/2024 |
| Month and year of the trial term. | 10/1/2024 |

The trial will last approximately 1-2 days and be

☐ jury.

☒ non-jury.

## 3. Description of the Action

This is an action brought by Plaintiffs Ophelia Webb and Yolanda Blount against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §, *et seq.*

2

Plaintiffs allege that from around December of 2021 until March of 2022 they received the same amount of pay from week to week regardless of how many hours they worked. As a result, Plaintiffs did not receive 1.5 times their regular rate for hours worked over 40 each week.

Defendant denies these allegations.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

B. Discovery may be needed on these subjects: All of the elements of Plaintiffs' claims and Defendant's defenses to those claims; issues related to willfulness/intent; and damages.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.

☒ Yes; The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, JPEG, or TIFF images, with corresponding searchable OCR text and metadata and standard load files.  However, Excel, Multi-Media, and PowerPoint files should be produced in native format. The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case and to Plaintiff(s) at discovery@sanfordlawfirm.com. The parties agree that discovery may be signed by e-signature rather than by hand.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| | |
|---|---|
| */s/ Sean Short* | */s/ Jessica T. Travers (w/permission)* |
| Sean Short – LEAD COUNSEL | Jessica T. Travers, ESQ. |
| Attorney for Plaintiffs | Attorney for Defendant |
| Ark. Bar No. 2015079 | **LITTLER MENDELSON, P.C.** |
| **SANFORD LAW FIRM, PLLC** | 111 North Orange Avenue, Suite 1750 |
| 10800 Financial Centre Pkwy, Suite 510 | Orlando, FL 32801 |
| Little Rock, Arkansas 72211 | Telephone: (407) 393-2900 |
| Telephone: (501) 221-008 | Email: jtravers@littler.com |
| sean@sanfordlawfirm.com | |
| Admitted *Pro Hac Vice* | |

Carlos Leach – LOCAL COUNSEL
Attorney for Plaintiffs
Fla. Bar No. 0540021
THE LEACH FIRM, PA
Wells Fargo Building
631 South Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (844) 722-7567
cleach@theleachfirm.com

4893-2105-0250.1 / 114620-1016